UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JABALI JACKS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF HAYWARD, et al.,<br><br>    Defendants. | Case No. 16-cv-02300-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 14 |

## I.  INTRODUCTION

Plaintiff Jabali Jacks filed the instant suit, alleging that Defendant City of Hayward police officers used unwarranted and excessive force against him while arresting him, resulting in physical pain and injury. Docket No. 1 (Compl.). The City of Hayward, Officer Tran, and Officer Javier (collectively, the City) now move to dismiss Jacks's state law claims with prejudice, for failure to comply with California's Government Claim Act. Docket No. 14 (Mot.).

Having reviewed the filings and supplemental briefing, the Court **DENIES** the City's motion to dismiss.[1]

## II.  BACKGROUND

On April 27, 2014, Jacks alleges that he heard a disturbance occurring outside of his place of employment, and saw a motorcycle being pulled over. Compl. at ¶ 10. Jacks began recording the incident when Officer Faria instructed him to cross the street and come to the officers. *Id.* at ¶ 11. The officer indicated Jacks that he was going to be ticketed for smoking in public. *Id.* As Jacks complied with the officer's order, he continued recording the incident. *Id.* Once he came

---
[1] The July 7, 2016 hearing on the motion to dismiss was vacated. *See* Docket No. 28.

1  into reach, Officer James slapped Jacks's phone from his hand and attempted to put him in a
2  carotid restraint. *Id.* at ¶ 12. Jacks was slammed to the ground, his right arm twisted back, and his
3  head slammed into the concrete. *Id.* at ¶¶ 13-14. After Jacks's hands and ankles were cuffed, the
4  officers searched Jacks's backpack and found a gun inside. *Id.* at ¶ 15.

5  On April 28, 2014, a criminal complaint charging Jacks with one count of carrying a
6  loaded firearm and one count of resisting arrest was filed with the Alameda County Superior
7  Court. *See* Docket No. 31 (Yoon Dec.), Exh. A. In the meantime, Jacks filed a governmental
8  claim with the City of Hayward on October 20, 2014. See Docket No. 15 (Mot. RJN), Exh. 2.
9  The City of Hayward rejected the claim on December 3, 2014. Mot. at 3; Opp. at 2.[2]

10  On February 24, 2016, the criminal charges against Jacks were dropped. Opp. at 2. Jacks
11  then filed the instant suit on April 27, 2016, bringing claims for: (1) 42 U.S.C. § 1983 claim for
12  illegal detention in violation of the Fourth Amendment; (2) 42 U.S.C. § 1983 claim for wrongful
13  arrest in violation of the Fourth Amendment; (3) 42 U.S.C. § 1983 claim for excessive force in
14  violation of the Fourth Amendment; (4) 42 U.S.C. § 1983 claim for freedom of speech in violation
15  of the First Amendment; (5) 42 U.S.C. § 1983 claim for freedom of assembly in violation of the
16  First Amendment; (6) Monell claim; (7) negligence; (8) violation of California Civil Code § 52.1
17  (right to enjoy civil rights); (9) violation of California Civil Code § 51.7 (violation of statutory
18  rights); (10) intentional infliction of emotional distress; and (11) assault and battery. Compl. at 5-
19  11.

### III.   DISCUSSION

A.   Standard of Review

Defendants move for a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) allows for dismissal based on a failure to state a claim for relief. A motion to dismiss based on this rule essentially challenges the legal sufficiency of the claims alleged. *See*

---

[2] The Notice of Rejection of Claim filed by the City of Hayward states that Jacks's claim was not rejected until June 1, 2016, and is dated June 1, 2016. Mot. RJN, Exh. 1. However, both parties agree that Jacks's claim was rejected on December 3, 2014, and that the statute of limitations started running on that date. *See* Mot. at 3, Opp. at 2. The parties' dispute in this motion is whether the statute of limitations was tolled during the pendency of the criminal charges. Opp. at 2; Docket No. 23 (Reply) at 2.

*Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In considering a Rule 12(b)(6) motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal."  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim of relief that is plausible on its face.'"  *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Twombly*, 550 U.S. at 556.  However, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully."  *Iqbal*, 556 U.S. at 678.

B.  Analysis

The City of Hayward seeks to dismiss the seventh through eleventh causes of action (collectively, state claims) for failure to comply with the California Governmental Claims Act. Mot. at 4.  The Governmental Claims Act states in relevant part:

> (a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced:
>
> (1) If written notice is given in accordance with Section 913,[3] not later than six months after the date such notice is personally delivered or deposited in the mail.

California Gov. Code § 945.6.  Thus, where the public entity provides a written notice rejecting an individual's claim, the individual generally has six months to file a lawsuit on that claim.  *See Darulis v. Garate*, 401 F.3d 1060, 1062 (9th Cir. 2005) ("California . . . imposes a six-month period [where] the public-entity defendant issued [the plaintiff] a written rejection notice which

---

[3] California Government Code Section 913 provides sample language for a written notice of a rejection of a claim, which specifically explains the six-month limitations period.

3

specifically warned him that a shortened limitations period would apply"). Here, the parties do not appear to dispute that the City of Hayward rejected Jacks's claim on December 3, 2014. *See* Mot. at 5; Opp. at 2. Therefore, Jacks would normally have had until June 3, 2015 to file a complaint, but did not file the complaint until April 27, 2016. *See* Mot. at 5.

However, Jacks contends that the complaint is not untimely because tolling applies, relying on California Government Code section 945.3. This section states:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court.

Under this provision, a plaintiff is "disabled from filing suit, and the statute of limitations . . . tolled" until the charges at issue are resolved. *Schmidlin v. City of Palo Alto*, 157 Cal. App. 4th 728, 745 (2007).

The primary dispute here is when an "accusatory pleading" charging Jacks with a criminal offense was "pending before a superior court," thus tolling the statute of limitations for Jacks to file the instant civil complaint. The City relies on the Ninth Circuit decisions in *Torres v. City of Santa Ana*, 108 F.3d 224 (9th Cir. 1997) and *Cabrera v. City of Huntington Park*, 159 F.3d 374 (9th Cir. 1998), which found that the charges were not pending until the complaint was filed with the court. Reply at 3. However, the Court notes that there is some question as to whether *Torres* and *Cabrera* remain good law following the California Court of Appeal's decision in *Schmidlin*, which disagreed in part with the reasoning of *Torres* while rejecting *Cabrera*. There, the Court of Appeal found that at least in the context of a misdemeanor prosecution, the charges could be deemed "pending before the court" when the "plaintiff was directed to appear before the court on specified charges by *service* upon him of a notice to appear, regardless whether that notice was ever filed with a court." 157 Cal. App. 4th at 756. This was because the avowed objective of

4

1 section 945.3 was "to *prevent the filing of civil suits* in situations where their pendency might give
2 the plaintiff an unfair advantage in defending against criminal charges." *Id.*
3 As a general matter,"[i]n the absence of a pronouncement by the highest court of a state,
4 the federal courts must follow the decision of the intermediate appellate courts of the state unless
5 there is convincing evidence that the highest court of the state would decide differently." *Owens*
6 *v. United States*, 713 F.2d 1461, 1464 (9th Cir. 1983) (internal quotations omitted).  Where the
7 Ninth Circuit has interpreted state law, its "interpretation . . . [i]s only binding in the absence of
8 any subsequent indication from the California courts that [the Ninth Circuit's] interpretation was
9 incorrect." *Id.*; *see also Wolfson v. Watts (In re Watts)*, 298 F.3d 1077, 1082-83 (2002)
10 (overruling Ninth Circuit interpretation of a California statute where two subsequent California
11 Court of Appeal decisions on that statute were issued, rejecting the Ninth Circuit's interpretation)
12 Ultimately though, the Court need not decide whether *Cabrera* and *Torres* are good law following
13 *Schmidlin*.  Jacks has provided sufficient evidence that a criminal complaint was in fact filed with
14 the Alameda County Superior Court as of April 28, 2014, signed by both a Hayward officer and an
15 Assistant District Attorney.  Yoon Dec., Exh. A.  Thus, the charges were pending before a court as
16 of April 28, 2014, thus tolling the statute of limitations until the charges were dismissed on
17 February 24, 2016.  Jacks then filed the instant civil complaint on April 27, 2016, well within the
18 six-month limitations period in the Government Claims Act.

### IV. CONCLUSION

Because Jacks's claim is timely, the Court **DENIES** the City's motion to dismiss the state law claims for failure to comply with the Government Claims Act.

This order disposes of Docket No. 14.

**IT IS SO ORDERED**.

Dated: July 22, 2016

_____
EDWARD M. CHEN
United States District Judge

5